UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00167-GNS

MARK JEFFERY BARDWELL                                                              PLAINTIFF

v.

AEROTEK, INC., et al.                                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss (DN 10) and Plaintiff's Motion for Reconsideration (DN 16). For the reasons set forth below, Defendants' motion is **GRANTED**, and Plaintiff's motion is **DENIED**.[1]

I.  BACKGROUND

In an effort to obtain employment at Aerotek, Inc. ("Aerotek), Plaintiff Mark Bardwell ("Plaintiff") met with one of Aerotek's recruiters, Grant Roberts ("Roberts"), for an interview on November 11, 2016. (Compl. 2, DN 1). During that interview, Plaintiff allegedly told Roberts that his criminal record contained a false conviction for assault, but Roberts nonetheless hired him to fulfill a temporary work assignment for one of Aerotek's clients. (Compl. 5). Three days later, Plaintiff arrived for work, but—just before clock-in—"Roberts terminated [his] employment due to the false assault charge." (Compl. 5). Thereafter, Plaintiff filed a charge against Aerotek with the Equal Employment Opportunity Commission ("EEOC"). (*See* EEOC

---

[1] In Plaintiff's motion, he does not raise any substantive arguments relating to Defendants' motion or his claim in this case. In addition, because there was no ruling for the Court to reconsider, the Court will deny his motion.

1

Docs., DN 7). In it, Plaintiff alleged facts identical to those in the Complaint, but claimed that Aerotek discriminated against him because of his disability. (EEOC Docs. 13). The EEOC investigated Plaintiff's allegations and found no evidence that Aerotek had violated 42 U.S.C. § 2000e—Title VII of the Civil Rights Act of 1964—but nonetheless notified him of his right to sue. (EEOC Docs. 9).

Based on these events, Plaintiff filed suit against Aerotek and Roberts (collectively, "Defendants"). (Compl. 1-2). Though the Complaint is not entirely clear, Plaintiff appears to have alleged that Defendants' decision not to hire—or to terminate—him gives rise to a Title VII claim for retaliation.[2] (Compl. 4). He stated as follows: "Retaliation. Prior in an interview i [sic] informed Aerotek of an assault at the V.A. center i [sic] was framed for that is on my record. When the background, before background check happened." (Compl. 4).

Defendants then moved to dismiss the Complaint. (*See* Defs.' Mem. Supp. Mot. Dismiss, DN 10-1 [hereinafter Defs.' Mot. Dismiss]). In their motion, Defendants contend that dismissal is appropriate because: (1) Plaintiff failed to raise a retaliation claim before the EEOC, so that he did not exhaust his administrative remedies with respect to that claim and this Court therefore lacks jurisdiction over it; and (2) the Complaint fails to state a claim on which relief can be granted. (Defs.' Mot. Dismiss 3-6). Defendants' motion is ripe for adjudication.

## II. **JURISDICTION**

This action arises under the laws of the United States, and this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

---

[2] The Court is unsure whether Aerotek ever hired Plaintiff. Plaintiff stated in his EEOC filings that he "was not selected for employment with Aerotek," but suggests in the Complaint that he was hired on November 11, 2016. (*Compare* EEOC Docs. 13, *with* Compl. 5).

### III. DISCUSSION

As noted, Defendants move to dismiss the Complaint for lack of subject-matter jurisdiction and because it fails to state a claim on which relief can be granted. (Defs.' Mot. Dismiss 3-6). The Court will address each argument in term.

#### A. Subject-Matter Jurisdiction

Prior to seeking relief in federal court on a claim of employment discrimination, a Title VII claimant must exhaust his administrative remedies. *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004); *Seay v. Tenn. Valley Auth.*, 340 F. Supp. 2d 844, 848 (E.D. Tenn. 2004) (citations omitted). As a corollary, federal courts lack subject-matter jurisdiction over Title VII claims that have not been "explicitly filed . . . in an EEOC charge or . . . [cannot] reasonably be expected to grow out of the EEOC's investigation of the charge." *Seay*, 340 F. Supp. 2d at 848.

Penrod filed an EEOC charge against Aerotek, but that charge did not allege a retaliation claim. (*See* EEOC Docs. 13). Rather, Plaintiff's EEOC charge only contains a claim for disability discrimination. (EEOC Docs. 13). Specifically, his EEOC paperwork states: "I believe I have been discriminated against because of my disability . . . ." (EEOC Docs. 13).

Plaintiff has therefore failed to exhaust his administrative remedies with respect to his retaliation claim. He has not "explicitly filed" an EEOC charge alleging retaliation, and any investigation the EEOC conducted into Plaintiff's disability discrimination claim would not be expected to uncover his retaliation claim because the facts set forth in his EEOC charge do not suggest that he engaged in any conduct—such as challenging a purportedly unlawful employment practice—that might give rise to such a claim. *Bray v. Palm Beach Co.*, 907 F.2d 150, 1990 U.S. App. LEXIS 11020, at *5 (6th Cir. 1990) (noting that "the facts alleged in the body of the EEOC charge, rather than merely the boxes that are marked on the charge, are the

major determinants of the scope of the charge." (citation omitted)). As a result, this Court lacks subject-matter jurisdiction over his retaliation claim.

B.      **Failure to State a Claim**

Even assuming that this Court has jurisdiction to consider Plaintiff's retaliation claim, the Complaint must be dismissed because it fails to state a claim on which relief can be granted. A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (internal quotation marks and citation omitted). When assessing a claim's plausibility, the Court must assume that all factual allegations in the complaint are true and make all reasonable inferences in favor of the non-moving party, but need not assume the truth of legal conclusions. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). Accordingly, a claim is plausible when the complaint "contain[s] direct or inferential allegations respecting all" of the claim's elements. *See Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).

Plaintiff alleges that Defendants' decision to terminate (or to not hire) him constitutes retaliation. (Compl. 4). He seemingly contends that Defendants retaliated against him because he told Roberts that he had a false conviction for assault. (Compl. 4).

To state a claim for retaliation, a plaintiff must allege facts showing that: (1) he engaged in protected activity under Title VII; (2) the employer knew of such activity; (3) the employer took a materially adverse employment action; and (4) the employer's adverse action is causally related to his protected activity. *See Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014) (citations omitted). For purposes of Title VII, a claimant presents facts showing that he engaged in a protected activity when he alleges that he challenged an unlawful employment

practice. *See Yazdian v. ConMed Endoscopic Techs., Inc.*, 793 F.3d 634, 645 (6th Cir. 2015) (noting that "a 'vague charge of discrimination'" is not a protected activity (citation omitted)).

Plaintiff's allegations do not state a plausible claim for retaliation. Plaintiff fails to charge that he complained about the legality of any of Defendants' employment practices and, therefore, he has not presented any facts establishing the first essential element of his claim. *See Laster*, 746 F.3d at 730. Given that Plaintiff has not alleged that he engaged in a protected activity, he certainly has not plausibly alleged that Defendants knew of such activity or that Defendants treated him improperly as a result thereof. Accordingly, Plaintiff has not alleged facts supporting the essential elements of his retaliation claim, and it therefore must be dismissed. *See Commercial Money*, 508 F.3d at 336; *see also Mitchell v. Allied Tube & Conduit Corp.*, No. 2:08-CV-0456, 2009 WL 414277, at *4 (S.D. Ohio Feb. 17, 2009) (dismissing claim because plaintiff failed to allege facts supporting an element thereof).

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motion to Dismiss (DN 10) is **GRANTED**, and the Plaintiff's claims are **DISMISSED**.

2. Plaintiff's Motion for Reconsideration (DN 16) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
June 1, 2018

cc: counsel of record
Mark Jeffery Bardwell, *pro se*